IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

PAYLESS SHOESOURCE, INC.,

        Plaintiff,
vs.                                          **Case No. 06-4124-RDR**

ST. PAUL FIRE AND MARINE
INSURANCE COMPANY,

        Defendant.

## MEMORANDUM AND ORDER

This case is now before the court upon defendant's motion to transfer the case to the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1404(a). This case is a declaratory judgment action, filed October 12, 2006, which alleges that defendant has a duty to fund or indemnify any settlement or judgment in a trademark infringement, unfair competition and breach of contract lawsuit filed against plaintiff by K-Swiss, Inc. in the United States District Court for the Central District of California. Plaintiff and K-Swiss both market and sell casual and athletic shoes. This case was originally filed in the District Court for Shawnee County, Kansas. It was removed by defendant to this court. Six days after this case was filed, defendant filed a declaratory judgment action raising the same issues that are in this

case in the federal court for the Central District of California. Plaintiff opposes defendant's motion to transfer.

Under § 1404(a), a motion for transfer may be granted when it is "[f]or the convenience of the parties and witnesses, [or] in the interest of justice." Both sides agree that the court should consider the following factors in deciding the motion to transfer: 1) plaintiff's choice of forum; 2) the accessibility of witnesses and other sources of proof, including the availability of compulsory process to ensure attendance of witnesses; 3) the cost of making the necessary proof; 4) questions as to the enforceability of the judgment if one is obtained; 5) relative advantages and obstacles to a fair trial; 6) difficulties that might arise from congested dockets; 7) the possibility of the existence of questions arising in the area of conflicts of law; 8) the advantages of having a local court determine questions of local law; and 9) all other considerations of a practical nature that make a trial easy, expeditious, and economical. Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509, 1516 (10th Cir. 1991). Defendant, as the party seeking transfer, has the burden of proving that moving this case to a different venue is justified. Big Dog Motorcycles v. Big Dog Holdings, 351 F.Supp.2d 1188, 1193 (D.Kan. 2005).

Plaintiff's choice of forum has a premium under the law. "The plaintiff's choice of forum should rarely be disturbed unless the balance weighs strongly in favor of the movant." Id.  Defendant asserts that the following factors support transferring this case: the accessibility of witnesses and other sources of proof; the cost of making the necessary proof; and other considerations of a practical nature.

Defendant suggests that if this case is transferred to the Central District of California, then both declaratory judgment actions and the K-Swiss case can be heard by the same judge, which will "enable the parties to benefit from consistent rulings on common issues of law, while also preserving judicial resources." (Doc. No. 4, p. 5). Defendant contends that the presiding judge in the K-Swiss case is in the best position to determine whether defendant has an obligation under its insurance policy with plaintiff to fund or reimburse a settlement or judgment.  Defendant further asserts that the interests of convenience will be served by a transfer which gives the parties better access to documents filed under seal in the K-Swiss action.  A protective order regarding those documents is better applied by the court that issued it in California, in defendant's view. Finally, defendant claims that the declaratory judgment action

3

it filed in California has parties necessary for a complete resolution of the coverage dispute, namely K-Swiss and ACE American Insurance Company. According to defendant, these parties have not and may not be added to this case if it remains in this court.

Plaintiff makes several points in opposition to transfer. Plaintiff notes that its headquarters is in Topeka, Kansas and that defendant's headquarters is in St. Paul, Minnesota. Both sides' headquarters are closer to Kansas federal court than to the Central District of California. Both sides have Kansas City attorneys. Kansas is also where the insurance policy in question was issued. Plaintiff filed its declaratory judgment action first. This is significant because the "first-to-file" factor is sometimes given predominant weight in deciding which court should proceed in mirror-image lawsuits. Big Dog, 351 F.Supp.2d at 1194, citing Smart v. Sunshine Potato Flakes, 307 F.3d 684, 687 (8th Cir. 2002); see also, Church of Scientology v. United States Department of the Army, 611 F.2d 738, 750 (9th Cir. 1979); Aerotel, Ltd. v. Sprint Corp., 100 F.Supp.2d 189, 195 (S.D.N.Y. 2000).

Plaintiff recounts that the judge who was in charge of the K-Swiss lawsuit in California declined to have defendant's declaratory judgment action transferred to him, stating: "This case does not

4

appear to arise from the same transaction, happening or event and does not call for determination of the same or substantially related or similar question of law or fact." (Doc. No. 16, p.3, quoting declination order attached as Exhibit C). That judge has since withdrawn from the K-Swiss action and the case has been reassigned to a different judge than the judge assigned to defendant's declaratory judgment case.[1]

Plaintiff further claims that the protective order in the K-Swiss action is not "particularly unique or unusual" (Doc. No. 16, p. 9) and that the parties in this case should have little difficulty in obtaining copies of important documents without running afoul of the protective order.

Upon review of the materials in this case, the court is not convinced that defendant has met its burden of making a strong showing that a transfer of this case would benefit the convenience of the parties and witnesses or the interests of justice. Few, if any, of the factors this court must consider are in defendant's favor. Plaintiff chose this forum and was the first to file a

---

[1] Plaintiff has filed a motion to dismiss or stay defendant's declaratory judgment action in California. That motion is scheduled for hearing on January 22, 2007.

5

declaratory judgment action.  These are significant factors in plaintiff's favor.  The location of this lawsuit appears to be more convenient for the parties and witnesses than California as a matter of geography.  There may be issues of Kansas law in this dispute.  Defendant's goal of putting the issues in this case before the same judge that presides over the K-Swiss action likely will not be achieved even if the court would grant the motion to transfer.  The only other arguments advanced by defendant regard the protective order in the K-Swiss action and the extra parties which defendant has named as defendants in its declaratory judgment action.  Neither argument is compelling.  The court believes the objectives of the protective order will not be frustrated if the instant case is allowed to proceed in Kansas.  The court also finds that the extra parties can be added to this action if that is deemed necessary and appropriate.

    For the above-stated reasons, the motion to transfer shall be denied.

    **IT IS SO ORDERED.**

    Dated this 18th day of December, 2006 at Topeka, Kansas.

                                       s/Richard D. Rogers

United States District Judge