**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| PAYLESS SHOESOURCE, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.    06-4124-RDR |
| vs. ) | |
| ) | |
| ST. PAUL FIRE AND MARINE ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

**AGREED PROTECTIVE ORDER**

IT IS HEREBY STIPULATED, AGREED AND ORDERED that the following provisions shall govern all proceedings in this action:

1. As part of the discovery process in this case, the parties may need to disclose or exchange documents and information that are protected by or subject to a protective order entered in *K-Swiss Inc. v. Payless ShoeSource, Inc.*, Case No. CV04-0779 RJK (RCx) [now CV04-0779 GPS (RCx)], in the U.S. District Court for the Central District of California ("Underlying Action Protective Order"). The parties to this action and their respective counsel are subject to the Underlying Action Protective Order by their agreement. The parties wish to and agree to have the Court enter this Agreed Protective Order ("Protective Order") to govern the parties' discovery in this case, including without limitation documents, testimony, written responses, and other information provided during discovery ("Discovery Material"), and to enable the parties to comply with the Underlying Action Protective Order.

   a. Any documents, information, or material protected by the Underlying Action Protective Order (including both "Confidential"

                Discovery Material and "Confidential - Attorneys' Eyes Only" Discovery Material as defined therein) shall also have the same confidentiality designation in this action.

    b.    Any party to this action may designate as "Confidential" Discovery Material or "Confidential - Attorneys' Eyes Only" Discovery Material any additional documents and materials produced or disclosed in this action which include information contained in or derived from materials protected by the Underlying Action Protective Order, by marking the document, and each page of the document, with a stamp identifying it as "Confidential" or "Confidential - Attorneys' Eyes Only" accordingly.

    c.    Each party reserves its right to request that the other party agree to modify, and its right to request that the Court modify, this Protective Order to permit a party to designate any additional Discovery Material that it produces or discloses, or any portion of such material, as "Confidential" Discovery Material or "Confidential - Attorneys' Eyes Only" Discovery Material, and it shall be used only in this proceeding.

2.    <u>Qualified Expert</u>.  For the Purposes of this Protective Order, the term "Qualified Expert" means those independent consultants or expert witnesses (including partners, associates, and employees of the firm which employs such expert), retained by a party or its attorneys, including independent accountants, market experts, statisticians, economists or technical experts, for purposes of this litigation.

3. <u>Access To "Confidential" Material</u>.  In accordance with the limitations and procedures set forth below, access to the "Confidential" Discovery Material shall be limited to the following persons:

    a. Outside and in-house counsel for the Parties;

    b. associates, paralegals, secretaries, and other persons who are law partners of or are regularly employed by the outside attorneys, or are employed by the law firm where an outside attorney is employed or is "of counsel;"

    c. any director or employee of a party, but only to the extent deemed necessary by the attorneys for such party for the prosecution or defense of this litigation;

    d. representatives of the insurance and reinsurance companies for the Parties;

    e. pursuant to the terms of paragraph 5 and subject to paragraph 11: (1) any potential witness or deponent if prior consent is obtained from the disclosing party (including the entity that originally produced the material subject to the Underlying Action Protective Order, as well as any party to this action that may have produced such material subject to this Protective Order) or its respective counsel in writing or on the record of the deposition, and only to the extent such access is necessary for the potential witness or deponent to prepare to be questioned or for counsel to question the deponent, and to the extent deemed necessary by non-disclosing

        counsel for the deponent to understand the deposition questions and context; (2) any deponent who authored or wrote the document or information in issue; or (3) any deponent who is indicated as a recipient of the document or information in issue;

    f.    Qualified Experts;

    g.    any other persons upon the written agreement of the Parties or their counsel of record;

    h.    employees of attorney services or professional copy services retained by a counsel for one of the Parties;

    i.    any court reporter or videographer reporting a deposition; and,

    j.    the Court, any court personnel or members of the jury.

4.    <u>Access To "Confidential - Attorneys' Eyes Only" Material</u>.  In accordance with the limitations and procedures set forth below, access to the "Confidential - Attorneys' Eyes Only" Discovery Material shall be limited to the following persons:

    a.    outside attorneys for the Parties;

    b.    associates, paralegals, secretaries, and other persons who are law partners of or are regularly employed by the outside attorneys, or are employed by the outside law firm where an outside attorney is employed or is "of counsel;"

    c.    pursuant to the terms of paragraph 5 and subject to paragraph 11: (1) any potential witness or deponent if prior consent is obtained from the disclosing party (including the entity that originally produced the material subject to the Underlying Action Protective

Order, as well as any party to this action that may have produced such material subject to this Protective Order) or its respective counsel in writing or on the record of the deposition, and only to the extent such access is necessary for the potential witness or deponent to prepare to be questioned or for counsel to question the deponent, and to the extent deemed necessary by non-disclosing counsel for the deponent to understand the deposition questions and context; (2) any deponent who authored or wrote the document or information in issue; or (3) any deponent who is indicated as a recipient of the document or information in issue;

    d.    Qualified Experts;

    e.    any other persons upon the written agreement of the Parties or their counsel of record;

    f.    employees of attorney services or professional copy services retained by an outside counsel of record;

    g.    any court reporter or videographer reporting a deposition; and,

    h.    the Court, any court personnel or members of the jury.

5.    <u>Agreement By Persons Accessing "Confidential" Materials</u>.  All persons identified in paragraphs 3(c)-(g) who in the course of the case may be given access to "Confidential" Discovery Material and all persons identified in paragraphs 4(c)-(e) who in the course of the case may be given access to "Confidential - Attorneys' Eyes Only" Discovery Material shall be required to read this Protective Order and agree, in writing, to be bound thereby by executing an acknowledgement in the form of Exhibit A annexed

hereto. The originals of all such acknowledgements shall be maintained in the files of the counsel allowing access by such person to the "Confidential" or "Confidential - Attorneys' Eyes Only" Discovery Material.

      6. <u>Use of Information Subject to Protective Order</u>. Use of any information or documents subject to this Protective Order, including all information derived therefrom, shall be restricted solely to the litigation of this case and shall not be used by anyone subject to the terms of this agreement, for any business, commercial, or competitive purpose.

      7. <u>Exclusions from Protective Order</u>. Notwithstanding the designation as "Confidential" or "Confidential - Attorneys' Eyes Only" of any Discovery Material and subject to the procedural requirements herein particularly the provisions of paragraph 8, said Discovery Material shall not, in fact, be confidential, nor shall disclosure be limited in accordance with this Protective Order, if the content or substance thereof was already in the lawful possession of a party to this agreement at the time of the disclosure by another and was not acquired directly or indirectly from the disclosing party. The party to this agreement claiming exclusion under this section shall have the burden of proof of same.

      8. <u>Timing and Challenge to Confidential Designations</u>. Any designation must be in writing or on the record of a deposition or made within ten (10) business days after receipt of the transcript, and, except as otherwise provided herein, must be made at the time of the production or disclosure of other Discovery Material. For purposes of written or documentary Discovery Material, the designation shall be made by placing the words "Confidential" or "Confidential - Attorneys' Eyes Only" on the Discovery

Material.  A party who disagrees with another's "Confidential" or "Confidential - Attorneys' Eyes Only" designation or who asserts that confidentiality has been excluded under the terms of paragraph 7 must nevertheless abide by that designation until the matter is resolved by agreement of the Parties or by order of the Court.

9. <u>Treatment of Confidential Material During Inspection of Documents</u>.  Should the circumstances require that a party make available certain of its files for inspection by the other party, e.g., at a deposition, which files may contain confidential as well as non-confidential material, and that following such inspection, if the inspecting party receives a copy of such document before it has been properly designated under this Protective Order, documents and their contents made available for such inspection shall be assumed to be "Confidential - Attorneys Eyes Only" and shall be treated as such until the producing party has had a reasonable opportunity, not to exceed five (5) business days, to designate and mark those documents which were copied, in which case, they shall be marked as designated within that time by the inspecting party.

10. <u>Filing with the Court</u>.  Any party seeking to file with the Court any materials deemed "Confidential" or "Confidential - Attorneys' Eyes Only" or any papers containing or making reference to such material must first file a motion with the Court and be granted leave to file the particular document under seal, in accordance with the Court's Guidelines of Agreed Protective Orders (http://www.ksd.uscourts.gov/guidelines/protectiveorder.pdf).

11. <u>Use of Confidential Material at a Deposition</u>.  At or within ten (10) business days after receipt of the transcript of the deposition of any party or witness in this case, if the questioning is such that the party or witness determines that an answer to

a question or a line of questioning discloses material protected by the Underlying Action Protective Order or this Protective Order, such party or witness may designate that information "Confidential" or "Confidential - Attorneys' Eyes Only." Portions of the deposition that are so designated, including all video portions, shall be conducted so that only those persons duly authorized to have access to such "Confidential" or "Confidential - Attorneys' Eyes Only" Discovery Material are present. Any transcript or videotape of a deposition in which "Confidential" or "Confidential - Attorneys' Eyes Only" Discovery Material is presented or is the subject of inquiry shall be separately bound or placed on a separate videotape and marked with the legend "Confidential Under Protective Order" or a similar legend, and shall not be disclosed to persons other than those persons duly authorized hereunder to have access, unless those questions or answers or exhibits designated as "Confidential" or "Confidential - Attorneys' Eyes Only" have been removed from the copies. Any transcript or videotape containing "Confidential" or "Confidential Attorneys' Eyes Only" Discovery Material that is to be filed with the Court shall be handled in accordance with paragraph 10.

    12. <u>Interrogatory Responses, Photocopies & Summaries of Confidential Material</u>. Any interrogatory responses or responses to requests for admissions that are designated "Confidential" or "Confidential - Attorneys' Eyes Only" by any party shall be restricted and protected in the same manner as other Discovery Material designated as confidential produced in this case. Any copy made of such document or abstract, summary or memorandum embodying information designated as "Confidential" or "Confidential - Attorneys' Eyes Only" pursuant to this Protective Order shall also conspicuously bear this legend on its face and every page.

13. <u>Court Hearing and Other Proceedings</u>.  Nothing contained in this Protective Order shall be construed to prejudice any party's right to use before the Court any "Confidential" or "Confidential - Attorneys' Eyes Only" Discovery Material.  However, before doing so, to the extent not otherwise authorized to be so used hereunder, the party intending to use "Confidential" or "Confidential - Attorneys' Eyes Only" Discovery Material shall so inform the designating party, and the designating party may apply to the Court for appropriate protection, including clearing the hearing room or courtroom of persons not entitled to receive "Confidential" or "Confidential - Attorneys' Eyes Only" Discovery Material pursuant to paragraphs 3 and 4.

14. <u>"Admissibility" of Confidential Material</u>.  This Protective Order shall not constitute a waiver of any party's or non-party's right to object to the admissibility into evidence of any Discovery Material as provided under the law.  Nothing in this Protective Order shall prejudice any party from seeking amendments to it broadening or restricting the rights of access to and use of "Confidential" or "Confidential - Attorney's Eyes Only" Discovery Material, or other modifications, subject to order by the Court.  Nothing in this Protective Order shall abridge the rights of any party to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issues of the status of "Confidential" or "Confidential - Attorneys' Eyes Only" Discovery Material.

15. <u>All Objections Preserved</u>.  This Protective Order is intended to provide a mechanism for handling the disclosure or production of confidential information to which there is no objection other than confidentiality.  This Protective Order shall not prejudice the right of a party to:  (a) object to a request for discovery on any ground, (b)

seek additional protective treatment for any such information, (c) object to the designation of any document or information as "Confidential" or "Confidential - Attorneys' Eyes Only," or (d) seek any modification of or relief from any provision of this Protective Order, either generally or as to any particular Discovery Material, by properly noticed motion with notice to all Parties and their respective counsel.  In accordance with Federal Rule of Civil Procedure 26, the designating party shall have the burden of establishing that the information is confidential information.

      16.     <u>Meet and Confer</u>.  The parties acknowledge that they are governed by Rule 37.2 of the Rules of Practice of the United States District Court for the District of Kansas with respect to any motion or application to the Court regarding this Protective Order.

      17.     <u>Injunctive Relief</u>.  In the event anyone violates or threatens to violate any of the terms of this Protective Order, the Parties agree that the aggrieved party may, subject to the Rules of Practice of the United States District Court for the District of Kansas, apply to the Court to obtain injunctive relief against any such person violating or threatening to violate any of the terms of this Protective Order.  In the event the aggrieved party brings such motion or application, the responding person subject to the provisions of this Protective Order shall not employ as a defense thereto the claim that the aggrieved party possesses an adequate remedy at law.  The Parties agree that the Court shall retain jurisdiction over them for the purpose of enforcing the Protective Order, provided the Court grants leave to reopen the case upon motion filed by the aggrieved party.  The Parties shall not use or reveal, directly or indirectly, any information in violation of this Protective Order.  Because of the confidential and

proprietary nature of the information contemplated to be covered by this Protective Order, the Parties' legal remedies may be inadequate.  Therefore, the Parties' stipulate that injunctive relief is an appropriate remedy to prevent any person from using or disclosing confidential information in violation of this Protective Order.  The Parties waive and release any and all requirements for a bond or undertaking to support any injunctive relief for enforcement of this Protective Order.

      18.    <u>Return of Confidential Material</u>.  Upon the request of the designating party, within sixty (60) days after the entry of a final judgment no longer subject to appeal on the merits of this case, or the execution of any agreement between the Parties to resolve amicably and settle this case, the discovering party(ies) and in-house and outside counsel and any person authorized by this Protective Order to receive confidential information shall return to every producing or designating party, or destroy, all information and documents subject to this Protective Order, any copies thereof, and any other writing containing or referring to any confidential information.  Returned material shall be delivered in sealed envelopes marked "Confidential" to the producing or designating parties' respective counsel.  However, counsel of record shall be entitled to retain a copy of such material in order to preserve a litigation file in this case.  "Confidential" or "Confidential - Attorneys' Eyes Only" Discovery Material in such litigation file shall be disclosed only in accordance with the terms of this Protective Order.  All Third Parties and at least one attorney from each outside law firm for each party who received any "Confidential" or "Confidential - Attorneys' Eyes Only" Discovery Material in the course of this proceeding shall, upon request, provide a declaration under penalty of perjury stating that all such materials (except outside

counsel's litigation file, but including those received by any in-house counsel) in their possession, custody or control have been destroyed or returned to trial counsel for the producing/designating party.

19. <u>Inadvertent Disclosure</u>.  The inadvertent failure to designate Discovery Material as "Confidential" or "Confidential - Attorneys' Eyes Only," prior to or at the time of disclosure shall not operate as a waiver of the producing party's right to later designate said Discovery Material as "Confidential" or "Confidential - Attorneys' Eyes Only."  There shall be no liability by the receiving party or their counsel for disclosure of such allegedly "Confidential" or "Confidential - Attorneys' Eyes Only" Discovery Material during the time period that said party or their counsel did not know that a claim of confidentiality would be made by the producing party.

20. <u>Disclosure to Unauthorized Persons</u>.  If information subject to this Protective Order is disclosed to any unauthorized person through inadvertence, mistake, without authorization by the designating party or other than in the manner authorized by this Protective Order, the person responsible for the disclosure shall immediately (a) inform the designating party of all pertinent facts relating to such disclosure, including without limitation the name, address, and telephone number of the recipient and his or her employer; (b) use his or her best efforts to retrieve the disclosed information and all copies thereof; (c) advise the recipient of the improperly disclosed information, in writing, of the terms of this Protective Order; (d) make his or her best efforts to require the recipient to execute an agreement to be bound by the terms of this Protective Order in the form of the declaration attached hereto as Exhibit A; and (e) take all other reasonable

steps to prevent further disclosure by or to the unauthorized person who received the protected information.

21. <u>Amendment of Protective Order</u>.  This Protective Order may be modified in writing by agreement of the parties or by order of the Court.

22. <u>Jurisdiction For Enforcement</u>.  This Protective Order is intended to regulate the handling of confidential information during the entirety of this case through appeal, and thereafter, and shall remain in full force and effect until modified, superseded or terminated on the record by agreement of the parties or by order of the Court.  The terms of this Protective Order shall survive the conclusion of this action and this Court shall retain jurisdiction of this action, the parties, their attorneys, and all other persons to whom confidential information has been disclosed after its conclusion for the purpose of enforcing the terms of this Protective Order or redressing any violation thereof, provided the Court grants leave to reopen the case upon motion.  Should this case be transferred to another district, that Court shall be the venue where this Protective Order shall be enforced.

**IT IS SO ORDERED.**

Dated this 23rd day of January, 2007, at Topeka, Kansas.

<u>s/ K. Gary Sebelius</u>
K. Gary Sebelius
U.S. Magistrate Judge

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT CONCERNING
CONFIDENTIAL INFORMATION**

I, the undersigned, _____, hereby acknowledge that I have read the attached AGREED PROTECTIVE ORDER ("Protective Order") in the United States District Court for the District of Kansas, in the action entitled Payless ShoeSource, Inc. v. St. Paul Fire and Marine Insurane Company, Civil Action No. 06-4124 RDR (the "Action") and I understand the terms thereof and agree to be bound thereby.

I further acknowledge that I understand that Discovery Material produced in this Action (i.e., documents, testimony, written discovery responses, and other information provided in the course of pretrial discovery and any information contained therein or derived therefrom) and designated "Confidential" or "Confidential - Attorneys' Eyes Only" may not be disclosed to anyone, except as authorized by the Protective Order, and may not be used for any purpose other than the purposes of this Action.

I understand that violation of the Protective Order can result in civil liability and/or a finding of contempt of court. I further agree to submit to the jurisdiction of the United States District Court for the District of Kansas, or such other federal district court where this case may be transferred, for the resolution of any disputes concerning information received in the Action.

Dated:_____   _____
                                    [signature of individual]

14